Per Curiam.
Lucien D. Coman died in 1865, and John A. Livingston was appointed his administrator. John A. Livingston died in 1884, and Cyrus A. Healy is his executor. This proceeding is instituted by a son of Lucien D. Coman, to compel Mr. Healy, as the executor of Mr. Livingston, to account *938 for any and all personal property belonging to the estate of Mr. Coman, which has at any time come into his hands. (Code Civ. Pro., § 2606). The petitioner alleges, upon information and belief, that Mr. Healy has such property in his possession or under his control.
This allegation was not denied before the surrogate, but Mr. Healy set up in opposition to the application: First, that it was barred by the statute of limitations; and, second, that a suit involving the same cause of action was pending in the supreme court.
The surrogate correctly decided that neither objection was well taken, and made an order for an accounting, from which Mr. Healy now appeals.
As to the statute of limitations, the learned surrogate points out that it might not have begun to run until the very day of the death of Mr. Coman’s administrator in 1884, inasmuch as it was entirely possible that assets of the estate could have come into his hands up to that time. Furthermore the papers show that the petitioner did not attain his majority until October 8th, 1885.
The action in the supreme court, the pendency of which is relied upon as a bar to the present proceeding is a suit by Margaret J. Stitt, who was Mr. Livington’s co-administrator of the Coman estate, to compel an accounting by Mr. Healy as Mr. Livingston’s executor—“ as to all matters and proceedings connected with the estafe of the saidLucien D. Coman, deceased.”
The petitioner is not a party to that litigation, and we are unable to perceive that his relation is such as to make the adjudication therein binding upon him. Indeed the petition charges not only Mr. Livingston but Mrs. Stitt with a failure ever to account in the matter of the Coman estate, a fact which indicates that the attitude of the petitioner is hostile to Mrs. Stitt, the plaintiff in the supreme court suit.
The order appealed from must be affirmed, with costs.